UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 98-40101-03 |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER DENYING MOTION FOR |
| -vs- | * | REDUCED SENTENCE |
| | * | UNDER 18 U.S.C. § 3582(c)(2) |
| JOSEPH D. ANDREWS, a/k/a "Jo Jo," | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is defendant Joseph Andrews' pro se motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 1219.) For the reasons set forth below, Defendant's motion will be denied.

Sentence reductions are permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is USSG § 1B1.10, which designates the amendments to the Sentencing Guidelines which may be applied retroactively. Section 1B1.10 provides, in relevant part, that:

(a) Authority.—

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below,

the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

....

(b) Determination of Reduction in Term of Imprisonment.—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitation and Prohibition on Extent of Reduction.—

(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG § 1B1.10(a), (b).

Because the crack cocaine Guideline amendments may be applied retroactively, *see* USSG § 1B1.10(c), if the sentencing range for Defendant's offense has been lowered by the amendments, the Court has discretion under § 3582(c)(2) to reduce Defendant's sentence, after first considering whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

On August 12, 2005, Defendant was sentenced by this Court after a jury convicted him of one count of conspiring to distribute and possess with intent to distribute cocaine base ("crack") and three counts of possession with intent to distribute crack in violation of 21 U.S.C. §§ 841(a)(1) and 846. The amount of crack attributed to Defendant resulted in an adjusted offense level of 34.[1] After adding three levels for his role in the offense, Defendant's total offense level was 37.[2] The Court ruled that a *Booker* variance was warranted based on the 20:1 crack to powder cocaine ratio recommended by the Sentencing Commission in 2002. A two-level variance was applied, reaching a total offense level of 35. As a career offender, Andrews' criminal history category was adjusted from V to VI pursuant to USSG § 4B1.1. With a criminal history category of VI, Defendant's advisory guideline range was 292 to 365 months.[3] The statutory maximum term of imprisonment for each count was 20 years (240 months).[4] The Court sentenced Defendant to 240 months imprisonment on each of the four counts, with the terms to be served concurrently, and a total of 52 months imprisonment on three of the counts, to be served consecutively to the 240 months, for a total imprisonment term of 292 months, the bottom of Defendant's guideline range.

---

[1] The Statement of Reasons attributes 426.08 grams of crack cocaine to Defendant, but it states that the amount reported in the presentence report is accurate. The presentence report at paragraph 70 attributes 318.008 grams to Defendant. At paragraph 95, the presentence report reflects the 426.08 grams that the government argued were attributable to Defendant. It makes no difference in calculating Defendant's advisory guideline range, however, because both amounts, 318.008 grams and 426.08 grams, fell within the same base offense level of 34 in the drug quantity table. *See* USSG § 2D1.1(c)(3) (1998 Federal Sentencing Guidelines Manual).

[2] Defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. Because his offense level from the career offender table was not higher than his level from the drug quantity table, Defendant's career offender status did not result in an increase to his offense level under § 4B1.1(b)(1).

[3] If the Court had not lowered Defendant's offense level from 37 to 35 with the *Booker* variance, his guideline range would have been 360 months to life.

[4] Defendant was indicted and convicted prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that any fact, other than a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt. *Id.* at 490. In Andrews' first appeal, the Eighth Circuit held that, under *Apprendi*, the statutory maximum for each count against him was limited to 20 years pursuant to 21 U.S.C. § 841(b)(1)(C) because the indictment failed to specify any drug quantity and the jury did not find any particular quantity. *See Bradford v. United States*, 246 F.3d 1107, 1113 (8th Cir. 2001).

Applying the amended Guidelines, the offense level specified under USSG § 2D1.1(c)(4) sets a base offense level of 32 for the drug amounts attributed to Defendant.[5] After a three-level increase for his role in the offense, his total offense level is 35. With a criminal history category of VI, the resulting advisory guideline range is 292 to 365 months. This is the same range that this Court used to sentence Defendant in 2005. Thus Defendant is not entitled to a sentence reduction because his guideline range is not lowered by the Amendments.

In footnote 3 the Court noted that if Defendant's offense level had not been lowered from 37 to 35 with the *Booker* variance, his guideline range would have been 360 months to life at his 2005 sentencing. This is a rare case where, by virtue of the Court's two-level *Booker* variance at his sentencing, Defendant has already received the benefit intended by the Amendments.[6] Defendant requests a further reduction. A sentence reduction is limited, however, by the policy statement in USSG § 1B1.10 prohibiting the Court from reducing a defendant's term of imprisonment to a term that is less than the minimum of the amended Guideline range. *See* USSG § 1B1.10(b)(2)(A). The only exception is if the reduction below the Guideline range at the original sentencing was based on the defendant's substantial assistance to authorities. *See* USSG § 1B1.10(b)(2)(B) (allowing a comparable reduction below the minimum of the Guideline range if the original sentence was below the Guideline range pursuant to a government motion based on the defendant's substantial

---

[5]Both 318.008 and 426.08 grams of crack cocaine result in the same base offense level of 32 under the amended Guidelines. Defendant's career offender status again does not result in an adjustment to his offense level under § 4B1.1(b)(1).

[6]Because the 100:1 crack/powder cocaine ratio resulted in unwarranted harsher sentences for crack offenses, the Fair Sentencing Act of 2010 reduced the statutory penalties for crack cocaine offenses by increasing the quantity thresholds required to trigger a mandatory minimum term of imprisonment. The quantity threshold required to trigger the 5-year mandatory minimum was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum was increased from 50 grams to 280 grams. This replaced the old 100:1 ratio with a new roughly 18:1 ratio. The Sentencing Guideline amendments to the crack cocaine drug amounts were intended to account for these statutory changes by instituting a similar 18:1 ratio for crack cocaine offenses. *See* 2011 Guidelines Manual, Appendix C, Vol. III at 393. This Court's two-level variance at the 2005 sentencing accomplished this purpose and gave Defendant the full benefit afforded by the Amendments.

4

assistance). In the present case, the Court's two-level downward variance to reach the guideline range of 292 to 365 months at the initial sentencing hearing was not based on a government motion to reflect Defendant's substantial assistance. It was based on the crack/powder disparity. Thus the Court is prohibited from reducing Defendant's sentence any further because any reduction would be below the amended Guideline range of 292 to 365 months which results from the new crack cocaine amendments. Accordingly,

    IT IS ORDERED that Defendant Joseph Andrews' motion for a modified sentence pursuant to 18 U.S.C. § 3582(c)(2), doc. 1219, is denied; and the government's motion to hold Defendant's motion in abeyance, doc. 1222, is denied as moot.

Dated this 3rd day of December, 2012.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    (SEAL)    DEPUTY