FILED
APR 15 2013

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 98-40101-04 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER DENYING MOTIONS |
| DANA E. BOSWELL, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are defendant Dana Boswell's pro se motions for a reduced sentence, docs. 1226 and 1228.[1] Defendant asks the Court to depart from the career offender enhancement, which was applied at his sentencing pursuant to USSG § 4B1.1, so that he can be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on amendments to the crack cocaine sentencing guidelines. The government filed a response to the motions, and Defendant has filed a reply. For the following reasons, Defendant's motions will be denied.

Defendant was sentenced by this Court on July 13, 1999, after a trial and guilty verdict on five counts, including conspiracy to distribute cocaine base ("crack"), money laundering, and control of a residence used for unlawful drug activity. The Court attributed 477.75 grams of crack to Defendant for sentencing purposes. The Court ruled that Defendant was a career offender within the meaning of USSG § 4B1.1 of the sentencing guidelines. Because his offense level from the career offender table was higher than his level from the drug quantity table, the presentence investigation report applied the level from the career offender table, placing him at an offense level of 37. *See* USSG § 4B1.1. With a criminal history category of VI, Defendant's imprisonment range under the

---

[1] Document 1226 is unsigned and document 1228 is signed. The motions are otherwise identical.

sentencing guidelines was 360 months to life.[2] Defendant was sentenced to 360 months of imprisonment. His conviction and sentence were affirmed on appeal. *See United States v. Bradford*, 246 F.3d 1107 (8th Cir. 2001). The Eighth Circuit "easily" dispensed with Defendant's *Apprendi* challenge because, although the indictment failed to specify a drug quantity and the jury did not find him responsible for any particular quantity, his thirty year sentence fell within the statutory maximum which applied due to his prior felony drug conviction. *Id.* at 1113. Defendant's subsequent motion under 28 U.S.C. § 2255 was denied on September 29, 2005.

On August 3, 2010, the Fair Sentencing Act ("FSA") was enacted, raising the amount of cocaine base required for imposition of a mandatory minimum sentence. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The United States Supreme Court has held that the more lenient penalties of the FSA apply to those offenders whose crimes occurred before the effective date of the FSA, but who were sentenced after that date. *Dorsey v. United States*, 132 S.Ct. 2321 (2012). The FSA took effect on August 3, 2010. Defendant was sentenced on July 13, 1999, thus the FSA does not apply to him. The Sentencing Commission, however, amended the Sentencing Guidelines in order to implement the FSA. Amendment 750 lowered the base offense level specified in USSG § 2D1.1 for crack cocaine offenses. The Commission voted to give retroactive effect to the new Guideline which became effective on November 1, 2011. Since that date, the Court has been considering motions for sentence reductions pursuant to 18 U.S.C. § 3582(c) based on the crack cocaine guideline amendments ("Amendments").

In the present case, Defendant asks the Court to revisit his sentence and "depart" from the career offender guideline applied at his sentencing in order to sentence him based on the Amendments which lowered the base offense level for crack cocaine. But this Court lacks authority to revisit Defendant's career offender status. The United States Supreme Court has instructed:

---

[2]The sentencing guideline range exceeded the statutory mandatory minimum sentence of 20 years on the conspiracy count which resulted from Defendant's enhanced penalty because of his prior conviction for a felony drug offense.

> "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

*Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010). Furthermore, "[s]ection 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2691.

As noted above, a court has authority to reduce a sentence when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ..." 18 U.S.C. § 3582(c)(2). The applicable policy statement issued by the Sentencing Commission, USSG § 1B1.10, provides, in relevant part, that a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). The policy statement also provides that, to determine whether a defendant's guideline range has been lowered, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

*Id.*, § 1B1.10 (b)(1) (emphasis added). When a defendant's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. *See United States v. Harris*, 618 F.3d 869, 872 (8th Cir. 2012). In *Harris*, the Eighth Circuit held that a career offender is not

3

eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 750 because his sentence was "based on" the career offender guidelines, not the crack guidelines. This is so because a career offender is sentenced under USSG § 4B1.1 and a reduction to the base offense level under USSG § 2D1.1 does not affect the sentencing range. *Id.* at 953. *See also United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008) (defendant could not rely on 18 U.S.C. § 3582(c)(2) to reduce sentence under the 2007 crack cocaine guideline amendments because his career offender status under USSG § 4B1.1 determined his guideline range; the amount of drugs under USSG § 2D1.1 did not determine his guideline range); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (same).

Defendant's prior criminal history earned him career offender status. As a result, his guideline sentencing range was determined by applying USSG § 4B1.1, and not § 2D1.1.[3] The crack cocaine amendments did not change USSG § 4B1.1, and therefore did not alter the guideline range applicable to Defendant. *See* USSG § 1B1.10, cmt. n. 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . ."). When the Court substitutes only Amendment 750 for the guideline provisions that were used when Defendant was sentenced while leaving all other guideline application decisions unchanged, Defendant's offense level does not change and his guideline range remains the same at 360 months to life. Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at USSG § 1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range."

---

[3] If only the amended guidelines were the basis for the sentence, Defendant's base offense level under the amended drug quantity table would be reduced from 34 to 32. *See* USSG § 2D1.1(c). But this base offense level is irrelevant given Defendant's career offender status. Defendant was subject to a career offender base offense level of 37 because the maximum statutory penalty he could have been subject to at the time of sentencing was life imprisonment. *See* USSG § 4B1.1(b); 21 U.S.C. §§ 841(b)(1)(A) and 846 (1999) (maximum statutory penalty for those who commit a drug violation after a prior conviction for a felony drug offense is "life imprisonment"). This career offender offense level renders irrelevant any reduction in the base offense level.

Defendant relies on *United States v. Miller*, 2010 WL 3119768 (D. Minn. Aug. 6, 2010), to argue that this Court has authority to modify his sentence despite his career offender status. In *Miller*, the district court judge granted a sentence reduction to a defendant after concluding that the crack cocaine offense level, subsequently lowered, play a role in the court's originally imposed sentence, notwithstanding the fact that the defendant had been sentenced under the career offender guidelines. The district court acknowledged that career offenders were "generally ineligible for a § 3582(c) sentence reduction," but the court found the defendant's case was a "singular and unique exception" because the defendant's underlying guidelines calculation influenced the sentencing court's finding that he qualified as a career offender. *Id.* at *1. As an unpublished district court case from Minnesota, *Miller* has no precedential value in this district. Furthermore, the reasoning in *Miller* is clearly undermined by the Eighth Circuit's more recent holding in *Harris* that career offenders are not entitled to sentence reductions based on Amendment 750. Defendant, therefore, is not eligible for a sentence reduction. Accordingly,

IT IS ORDERED that Defendant Dana Boswell's motions for a reduced sentence, docs. 1226 and 1228, are denied.

Dated this 15th day of April, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahl
 (SEAL)      DEPUTY

5